IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROCKY DIETZ,<br><br>    Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>    Defendant. | CV 16–74–H–CCL<br><br>ORDER |

  Before the Court is Defendant GEICO General Insurance Company's ("GEICO") motion to dismiss the complaint. (Doc. 2.) The motion is opposed by the Plaintiff Rocky Dietz ("Dietz").

BACKGROUND

  This case arises from a 2009 traffic accident wherein Plaintiff Rocky Dietz was struck by Defendant GEICO's insured, Hillary Bouldin. Bouldin accepted liability for the accident, but GEICO denied and delayed payment of Dietz's

medical expenses.  Litigation ensued in 2011, and the case was removed from state court to federal court, where it was tried to a jury in 2013.  A jury verdict favored Dietz and set the amount of his damages at $15,000.  A clerk's judgment was filed on April 18, 2013.  (*See Dietz v. Bouldin*, CV 11-36-BU-RWA (D. Mont.); ECF No. 3-1.)  Dietz appealed from this judgment, which was affirmed by the Ninth Circuit Court of Appeals.  *See Dietz v. Bouldin*, CV No. 13-35377 (9th Cir. July 24, 2015).  On Dietz's petition for certiorari, the U.S. Supreme Court also affirmed.  (*See Dietz v. Bouldin*, ___ U.S. ___, 136 S.Ct. 1885, 195 L.Ed.2d 161 (June 9, 2016).)  Following the Supreme Court's decision, the instant bad faith insurance litigation was commenced in state court on July 18, 2016, and removed to this federal district court on August 8, 2016.

LEGAL STANDARD

On a motion to dismiss a complaint, the court takes "[a]ll factual allegations set forth in the complaint . . . as true and construed in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted).  A court need not accept as true "allegations that are merely

2

conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a court's determination of a Rule 12(b)(6) motion is limited by the allegations of the complaint, "a statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citation and internal quotation marks omitted). A court must not reach beyond the complaint to decide a motion to dismiss, but the court may take judicial notice of judicial records referenced by the complaint when the factual matters so incorporated are not in dispute. *See Intri-Plex Techs., Inc. v. Crest Crp.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations omitted).

DISCUSSION

Dietz presents two claims against GEICO: a statutory bad faith insurance claims handling (Count 1) and a common law bad faith insurance claims handling (Count 2). The statute of limitations for the statutory bad faith claim is "1 year from the date of the settlement of or the entry of judgment on the underlying

3

claim." Mont. Code Ann. § 33-18-242(7)(b). The statute of limitations for a common law bad faith claim (not involving worker's compensation insurance) is the three year limitation applicable from the date of the accrual of a tort claim. Mont Code Ann. § 27-2-204(1); *see also Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 241 (Mont. 1990).

GEICO contends that the statute of limitations has run on both the statutory and the common law bad faith claims, since Dietz's judgment in the underlying litigation was filed on April 18, 2013, and Dietz filed the instant complaint on July 18, 2016, more than three years later. The Court is unpersuaded by Dietz's arguments that only the final judgment (in this case, issued by the U.S. Supreme Court on June 9, 2016) on appeal triggers the running of the limitations period. That argument is foreclosed by the statutory language tying the judgment "to the underlying claim," which judgment was indisputably filed on April 13, 2013. *See Fode v. Farmers Ins. Exch.*, 719 P.2d 414 (Mont. 1986), *superseded by statute as stated in Lorang v. Fortis Ins. Co.*, 192 P.3d 186 (Mont. 2008). As to the common law statute of limitations, that period is triggered by the accrual of the claim itself,

which "when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." *See O'Connor v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 87 P.3d 454, 456 (citing Mont. Code Ann. § 27-2-102(1)(a)). For a common law bad faith claim, a claimant need not wait for resolution of the underlying claim before bringing a bad faith action, but can proceed when "the last fact essential to the cause of action" arises, whether or not damages are finalized. *E.W. & D.W. v. D.C.H.*, 754 P.2d 817, 819-20 (Mont. 1988), *superseded by statute on other grounds, Cosgriffe v. Cosgriffe*, 864 P.2d 776 (Mont. 1993). Unlike a statutory bad faith claim, neither a judgment nor a settlement is required for filing a common law bad faith action. *Ayotte v. Am. Econ. Ins. Co.*, 2010 WL 768753 *7 (D. Mont. Mar. 5, 2010).

Although few dates accompany the allegations of the complaint, the Court fairly infers that by April 18, 2013, the date of entry of the $15,000 judgment in Dietz's favor in the traffic accident case, GEICO had completed its investigation of the accident, GEICO had represented pertinent facts and policy provisions,

5

GEICO had denied and delayed payment of medical expenses and failed to investigate the relatedness of Dietz's medical expenses to the alleged cause in the traffic accident, and GEICO had failed to effectuate a settlement of Dietz's claim. "Mere ignorance of the facts will not toll the statute of limitations." *Pederson v. Rocky Mountain Bank*, 272 P.3d 663, 667 (Mont. 2012) (citation omitted). Thus, Dietz's common law bad faith claim had accrued and is now barred by the three-year statute of limitations.

The Court is further unpersuaded by Dietz's argument in its brief that GEICO's bad faith continued throughout the appellate period. There is no such allegation or factual allegation in the complaint to support this argument. When an insurer stands by its decision to deny coverage, each day that goes by does not restart the limitations period. There would be no limitations period at all if that were the case. Instead, the Montana Supreme Court has explicitly advised that the bad faith claim can be filed in order to toll the statute of limitations. *Fode v. Farmers Ins. Exchange*, 719 P.2d 414 (Mont. 1986) (*superseded in part by* § 33-18-242(b) as to statutory bad faith claims). Only as to common law bad faith

claims, "[t]he bad faith case may be filed *to toll the statute of limitations* and to expedite ultimate disposition but no discovery may be engaged." *Fode*, 719 P.2d at 417 (emphasis added).

Dietz's argues that GEICO's attempts to negotiate a settlement of the underlying appeal constitute "recent evaluation of the underlying claim" of the insurance claim such that each settlement offer constitutes a new claims adjustment that restarts the one and three year statutes of limitations. This is unsupported by any legal authority and rests upon unwarranted deductions of fact and unreasonable inferences. It may well be true that an insurer may commit new acts of bad faith during the pendency of the underlying litigation and continuing through appeal. However, this is not that case.

It is apparent from the allegations of the Complaint that Dietz's claims had accrued as to both Count 1 and Count 2 by April 18, 2013. Accordingly, his Complaint filed on July 18, 2016, is barred by the pertinent statutes of limitation.

Accordingly,

IT IS HEREBY ORDERED that Defendant GEICO's Motion to Dismiss the

Complaint (ECF No. 2) is GRANTED. The Complaint is DISMISSED and all relief denied to Plaintiff.

Let judgment enter.

Dated this 20th day of December, 2016.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE